IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

GARY D. PRICE,                                            Civil No. 1:12-104-CL

        Plaintiff,                                REPORT AND RECOMMENDATION

v.

CITY OF CORNING,

        Defendant.

CLARKE, Magistrate Judge:

Plaintiff Gary D. Price, who is proceeding *pro se*, has filed a complaint alleging property damage and an application to proceed *in forma pauperis* (#1). For the reasons explained below, this action should be dismissed for lack of subject matter jurisdiction and plaintiff's application to proceed *in forma pauperis* should be denied as moot.

## DISCUSSION

Federal courts are courts of limited jurisdiction and can adjudicate only those cases which the Constitution and Congress authorizes them to adjudicate. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). Original jurisdiction must be based either on federal question jurisdiction or on diversity of citizenship. Federal question jurisdiction may exist

Report and Recommendation - 1

where a claim involves the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. For jurisdiction to exist by reason of diversity, the matter in controversy must exceed the sum or value of $75,000, and the action must be between citizens of different states. 28 U.S.C. § 1332(a).

Federal courts are presumptively without jurisdiction over civil cases and the party invoking the court's jurisdiction bears the burden of establishing subject matter jurisdiction. Kokkonen, 511 U.S. 375. Federal Rules of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." See Cal. Diversified Promotions, Inc. v. Musick, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction").

In cases involving a plaintiff proceeding *pro se,* the court construes the pleadings liberally and affords the plaintiff the benefits of any doubt. See Karim-Panahi v. L.A. Police Dept., 839 F.2d 621, 623 (9th Cir. 1988); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In addition, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623-24.

Plaintiff alleges that he is a citizen of Oregon and defendant damaged his property in Corning, California. However, as set out above, for jurisdiction to exist by reason of diversity, the matter in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332(a). Here, plaintiff alleges that $6,242.13 is at issue. No other basis for jurisdiction is evident from the allegations of the complaint.

Report and Recommendation - 2

According to the allegations of the complaint, this court lacks subject matter jurisdiction. This court can conceive of no amendment to the complaint which would cure the jurisdictional defect. Accordingly, the court lacks subject matter jurisdiction over this action and the action should be dismissed.

## RECOMMENDATION

Based on the foregoing, it is recommended that plaintiff's action be dismissed without prejudice for lack of subject matter jurisdiction, his application to proceed in forma pauperis (#1) be denied as moot, and that judgment be entered accordingly.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due by February 7, 2012. If objections are filed, any response to the objections are due by February 24, 2012, see Federal Rules of Civil Procedure 72 and 6.*

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

//

//

Report and Recommendation - 3

DATED this 20 day of January, 2012.

_____
MARK D. CLARKE
UNITED STATES MAGISTRATE JUDGE

Report and Recommendation - 4